# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JOSEPH CAMARON PEREZ<br>*Plaintiff*, | )<br>)<br>) |
| v. | ) No. 4:22-cv-00054-DCLC-CHS |
| BEDFORD COUNTY SHERIFF'S<br>OFFICE, DEPUTY BRADLEY<br>GILLILAN, DEPUTY TONY SHAEFER,<br>*Defendant*. | )<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff has not paid the $402 filing fee nor has he submitted the proper documentation to proceed *in forma pauperis*. For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

On February 13, 2023, the Court ordered Plaintiff to submit to the Court a completed *in forma pauperis* application and a certified copy of his prison account statement for consideration by the Court within sixty days of entry of its Order. The Court directed the Clerk of Court to send a blank *in forma pauperis* application and prison account statement form to Plaintiff. The Clerk of Court did so promptly. In its Order, the Court warned Plaintiff that, if he did not comply with the Court's Order, "the Court shall presume that Plaintiff is not a pauper, shall assess the full amount of fees, and shall order the case dismissed for want of prosecution." [Doc. 9, Feb. 13, 2023 Order at 2, Page ID # 10].

The sixty day period to provide the required documentation has passed, and Plaintiff has not complied with the Court's order. Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action if a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). "This measure is available to the district court as

a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). Indeed, a district court is given "substantial discretion" in the management of its docket. *Id.* at 363. Before a court dismisses an action under Rule 41(b), it must consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered....

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 278 (6th Cir. 2023) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Factor two does not apply since the defendants have not been served with process yet. However, this Court warned Plaintiff that failure to provide the required documentation would result in dismissal of his action. Despite this warning and the passing of over ninety days, Plaintiff has not submitted a completed *in forma pauperis* application or a certified copy of his prison account statement. Thus, the Court finds that Plaintiff's failure to comply with the Court's order constitutes bad faith. Further, no less drastic action will produce the result directed by the Court—namely, Plaintiff's submission of the required documentation. Finally, the Court must efficiently and effectively manage its docket. Based on all these considerations, it is **RECOMMENDED** that this action be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to pay the filing fee or provide the requested documentation for *in forma pauperis* status.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE